## Catlett v. Robertson.

March 7, 1944.

J. Gordon Lisanby for appellant.

James A. Vinson and C. C. Molloy for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Alex Robertson instituted suit in the Lyon circuit court against R. M. Catlett to recover damages in the sum of $5,385 for personal injuries received by him on September 22, 1940. In the first paragraph of his petition the plaintiff alleged that the defendant wilfully and maliciously shot and wounded him with a shotgun; that the charge of shot struck his right arm, and that it was necessary to amputate the arm just below the shoulder. In subsequent paragraphs he set forth a number of mortgages on real estate and personal property of R. M. Catlett executed and delivered to the defendant's brother, Sam Catlett, on November 13, 1940. It was charged that the mortgages were made and executed without consideration and for the purpose of defrauding the defendant's creditors. The plaintiff asked that the mortgages be canceled. The case was transferred to the common law docket for trial of the tort issue, and the jury returned the following verdict: "We the jury find for the plaintiff damages in the amount of $1,615 and medical care to the amount of $385, total $2,000." In his motion for a new trial the defendant relied upon one ground, "the verdict is not sustained by sufficient evidence." The defendant did not move for a peremptory instruction, and on this appeal asks for reversal of the judgment and that he be granted a new trial on the ground that the verdict is flagrantly against the evidence. He overlooks the case of Nugent v. Nugent's Ex'r, 281 Ky. 263, 135 S. W. (2d) 877, 883, wherein the scintilla rule was abolished and the correct rule was declared to be:

" 'When the evidence given at the trial, with all inferences that the jury could justifiably draw from it, is insufficient to support a verdict for the plaintiff, so that such a verdict, if returned, must be set aside, the court is not bound to submit the case to the jury, but should direct a verdict for the defendant.' "

We may reverse the judgment only if the evidence was insufficient to authorize a submission of the case to the jury.

Appellant admitted the shooting and attempted to justify it under a plea of self-defense. He lived near the town of Eddyville and had been employed as a guard at the Eddyville Penitentiary for more than thirty years. His employment terminated shortly before the shooting. Appellee lived in a house owned by appellant and located about 800 yards from the latter's home. He had paid his house rent to appellant for about two years by feeding and watering the latter's livestock and performing odd chores about the house. He was a W. P. A. employee, and worked for appellant in the early morning, late afternoon and on Sundays. He went to appellant's home about 5 a. m. on Sunday, September 22, 1940, cooked breakfast for appellant and Mrs. Catlett, later cooked a chicken for the noonday meal, and remained in or about the house most of the time until about the middle of the afternoon when the shooting occurred. Jim Robinson, appellant's brother-in-law, came to the Catlett home about 10 o'clock in the morning, and later Allen Bruce appeared. The four men drank a large quantity of whisky, and all of them became intoxicated, so much so that Jim Robinson and Allen Bruce remembered very little that happened during the day and particularly at or about the time the shooting occurred. The testimony of appellant and appellee as to what occurred immediately before and at the time of the shooting is conflicting. According to appellant, he had ordered appellee from the house because he was intoxicated and had "hit or shoved" Mrs. Catlett when she told him to lie down or go home. Appellee left the house, but returned in about five minutes, broke the wire screen in the kitchen door, unhooked the door, and entered the kitchen with an open knife in his hand. Appellant shot appellee while the latter was advancing on him with the knife. Appellee testified that he and appellant had no difficulty during the day, and that appellant was drunk and shot him without warning and without cause. It is conceded that the testimony is conflicting, but appellant argues that appellee's version of the transaction cannot be true since it is contrary to uncontroverted physical facts testified to by him. The proof showed that the charge of shot, after striking appellee's arm entered the south wall of the kitchen just

east of the door opening into the yard. It is argued that appellee in his testimony placed Catlett near the center of the bedroom when the shot was fired, and, this being true, the shot fired through the door connecting the bedroom and kitchen would have entered the west wall of the kitchen and not the south wall. On direct examination appellee's testimony as to appellant's location when the gun fired was not clear. At one point he said appellant was standing in the bedroom between the heating stove and the bed and about five feet from the door leading into the kitchen. He failed to state whether appellant was standing directly in front of the door or whether he shot through the open doorway at an angle. On cross-examination a rough sketch of the interior of the house was presented to him, and he was asked to mark on the drawing where Catlett was standing in the bedroom when the shot was fired. He answered: ''That would be hard to do, if you were not expecting anything, and a man shot you, could you tell in just what spot he was? * * * He was in that room, I could not tell exactly where he was.''

It cannot be said that appellee's testimony as to where appellant was standing when the gun fired is so contrary to or irreconcilable with the physical facts as to destroy its probative value or to render his testimony on the issue made by appellant's plea of self-defense unworthy of belief. The sketch or drawing of the bedroom and kitchen is in the record, and an examination of it discloses that a shot fired by one standing in the bedroom near the door leading into the kitchen could have entered the south wall of the kitchen at the point where the shot and blood were found. The testimony on the crucial issue in the case, that is, did the appellant act in his necessary self-defense, was conflicting and therefore the question was for the jury to determine.

Judgment affirmed.